[Civ. No. 2109. First Appellate District.—July 30, 1917.]

TRANSCONTINENTAL TELEGRAPH COMPANY (a Corporation), Appellant, v. JOHN F. NEYLAN et al., Respondents.

TAXATION — CORPORATION ORGANIZED FOR PUBLIC SERVICE — OPERATION ESSENTIAL.—A corporation which is merely a paper corporation and not rendering service to the public, but possibly engaged in some other business, though it may be organized for the purpose of rendering public service, is not to be deemed a corporation coming within the terms of article XIII, section 14, of the Constitution, as amended November 8, 1910, relating to the taxation of public service corporations, until it has in fact become a public service corporation, and is subject to all of the taxes that may be imposed upon nonoperative property and to the payment of state license taxes.

ID.—ENGAGEMENT IN PUBLIC SERVICE—FILING OF ARTICLES OF INCORPORATION INSUFFICIENT.—A corporation organized to engage in a public service does not, by the mere filing of its articles, become entitled to be treated as a public service corporation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. C. Crothers, Judge.

The facts are stated in the opinion of the court.

Willard P. Smith, and B. B. Blake, for Appellant.

U. S. Webb, Attorney-General, and John T. Nourse, Deputy Attorney-General, for Respondents.

THE COURT.—This is an appeal from a judgment of the superior court rendered upon demurrer sustained to an application by the plaintiff for a writ of mandate, to compel the defendants, constituting the state board of control, to allow a claim against the state for the return to it of certain license taxes, pursuant to chapter 278 of the statutes of 1915, [Stats. 1915, p. 475], providing for the repayment of license taxes erroneously collected.

The license taxes paid by plaintiff and sought to be recovered were paid in and for the years ending June 30, 1912, June 30, 1913, and June 30, 1914. Plaintiff paid the corporation license taxes for each of the above periods, and during the same period filed with the state board of equalization

reports as required by the so-called Corporation Franchise Act of April, 1911. Acting under such reports the board of equalization fixed the value of plaintiff's franchise, and plaintiff paid the franchise tax for that period as so fixed. Such tax was fixed upon the value of the franchise, and not upon the gross receipts of plaintiff, as it appears that plaintiff was not during any of said periods, operating any telegraph lines, and that it showed no gross receipts for any of those periods.

In the year 1905 the legislature of the state enacted a law which was known as the Corporation State License Tax Act of that year, and which fixed an annual license tax upon every corporation, domestic or foreign, doing business in this state, the amount of such license tax being based upon the capital stock of the corporation. This act in its relation to foreign corporations engaged in interstate commerce was held to be unconstitutional and void in the case of *Mulford Co. v. Curry*, 163 Cal. 276, [125 Pac. 236]. Thereafter and before the decision in the case of *Albert Pick & Co. v. Jordan*, 169 Cal. 1, [Ann. Cas. 1916C, 1237, 145 Pac. 506], reversing the Mulford decision and holding the act to be valid, the legislature, in the year 1913, repealed the Corporation State License Act of 1903, the repeal becoming effective in June, 1914 (Stats. 1913, p. 680). The license taxes, however, sought to be recovered in this proceeding were paid before such repeal became effective. In the year 1910 a constitutional amendment was adopted which worked a radical change in the system of taxation in the state, and the object of which was to separate state from local taxation, and to enable the state to impose upon persons, firms, or corporations engaged in certain kinds of business—such as public service corporations, insurance, banking, and trust companies—the obligation to pay certain taxes to be applied exclusively to state purposes, the concerns thus engaged and the property employed in such undertakings to be to a greater or less degree free from the burden of local taxation. (*San Francisco v. Pacific Tel. & Tel. Co.*, 166 Cal. 244, [135 Pac. 971].) The provisions of this constitutional amendment bearing on the present case are found in section 14 of article XIII as amended November 8, 1910, which section so far as material here provides:

"Taxes levied, assessed and collected as hereinafter provided upon railroads . . . telegraph companies . . . shall be entirely and exclusively for state purposes. . . . Said tax shall be equal to the percentages hereinafter fixed upon the gross receipts from *operation* of such companies, and each thereof within this state. . . . The percentages above mentioned shall be as follows: . . . telegraph and telephone companies three and one-half per cent. . . . Such taxes shall be in lieu of all other taxes and licenses, state, county and municipal, upon the property above enumerated of such companies except as otherwise in this section provided." (Italics ours.)

Acting under the provisions of the foregoing section of the Constitution the legislature in 1911 adopted what is known as the Corporation Franchise Act (Stats. 1911, c. 335, p. 530). In this act are incorporated provisions similar to those found in the Constitution relating to the method of assessment of taxes for state purposes, and in section 8, subsection 1, subdivision d thereof, the term "operative property" as used in the act is defined as including "in the case of telegraph and telephone companies doing business in this state: the franchises, rights of way, poles, wires, pipes, conduits, cables, switchboards, telegraph and telephone instruments, batteries, generators, and other electrical appliances, and exchange and other buildings used in the telegraph and telephone business and so much of the land on which said buildings are situate as may be required for the convenient use and occupation of said buildings."

Subsection 2 of the same section provides that "Any property of the classes mentioned in this section owned by a company constructing . . . telegraph or telephone system . . . shall not be considered operative property and shall be subject to assessment and taxation for county, municipal and district purposes. The property of any company mentioned in this section shall be deemed to be in operation as to such part of the new road, line, plant, or system as may be in use as soon as it offers and renders service to the public for compensation; provided, however, that the state board of equalization shall finally determine the fact of such operation and the liability of any such company to be taxed upon its gross receipts as provided in section 2 of this act."

Subsection 3 of the same section then provides: "When any property in this state belonging to a company of the

classes named in this section is rendering no service to the public in this state, even though it may be rendering service to the public in some other state or states, such property shall not be considered as operative property, and shall be subject to assessment and taxation for county, municipal and district purposes.''

It is the clear intention of the constitutional section above quoted and of the Franchise Tax Act to include within its terms the corporations therein designated only when such corporations are rendering a service to the public. A corporation which is merely a paper corporation and not rendering service to the public, but possibly engaged in some other business, though it may be organized for the purpose of rendering public service, is not to be deemed a corporation coming within the terms of the constitutional section until it has in fact become a public service corporation. It is only when such a corporation is operating within this state and rendering public service within this state, because of which operation and business it earns gross proceeds upon which the percentage tax can be based, that such a tax so paid ''is in lieu of all other taxes and licenses, state, county, and municipal.'' The mere creation of such a corporation by filing articles of incorporation, or a certificate of such articles, in the case of a foreign corporation, is not sufficient to bring such corporation within the exemptions found in section 14 of article XIII of the Constitution.

Plaintiff here alleges that it has not paid any tax upon its gross receipts and that it was not operating any telegraph lines during said period. It is conceded that it has not engaged in any public service, and until it does so engage all of the property owned by the company is nonoperative property and subject to all of the taxes that may be imposed upon nonoperative property as well as any state license charge exacted by legislative enactment.

That a corporation organized to engage in a public service does not, by the mere filing of its articles, become entitled to be treated as a public service corporation is clearly decided in *Del Mar Water etc. Co.* v. *Eshleman,* 167 Cal. 666, 672, [140 Pac. 591, 948], where our supreme court said: ''It is true that these provisions are broad, and that the company might under its charter engage in business as a public utility. The mere chartered authority does not,

however, mark the nature of the operating corporation any more than the language of a notice of appropriation binds the appropriator to furnish all of the territory mentioned therein. (*Palmer* v. *Railroad Commission*, 167 Cal. 163, [138 Pac. 997].) It is the naked authority to do business, but unless it be pursued in a certain way it does not make the corporation a public utility.''

It is true that in subsections 2 and 3 of section 8 of the Corporation Franchise Act it is provided that property owned by a telegraph or other company mentioned, constructing but not operating its system, and property belonging to companies of the class mentioned in section 8 having property within the state rendering no public service in the state, but which may be rendering a public service without the limits of the state, shall be deemed nonoperative property, and subject to assessment and taxation for county, municipal and district purposes. But we think it does not follow that having mentioned the kinds of taxes to which such property is subject, the nonoperative properties of corporations of the class under consideration here is subject to no other tax; for the Constitution of this state (sec. 1, art. XIII), which, of course, is supreme, provides that all property except as otherwise provided, not exempt under the laws of the United States, shall be taxed in proportion to its value. If we were to accept as correct the position of plaintiff we would be required to hold that corporations of the classes here under consideration would not be subject to pay any state taxes or licenses on their nonoperative property, no matter how much such property might be worth.

The judgment is affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1917.